

IN THE CIRCUIT COURT OF PULASKI COUNTY ARKANSAS
19 DIVISION

WILLIE CARPENTER, SPECIAL
ADMINISTRATRIX OF THE ESTATE
OF WILLIE EARL LEGGS, JR.                                      PLAINTIFF

VS.                              NO.   CV 07-9844

LITTLE ROCK POLICE DEPARTMENT,
PULASKI COUNTY SHERIFF'S DEPARTMENT,
JOHN DOES 1-4 (UNKNOWN PULASKI COUNTY
SHERIFF'S DEPUTIES),                                           FILED 08/06/2007  16:23:46
JOHN DOES 5-8 (UNKNOWN LITTLE ROCK                             Pat O'Brien Pulaski Circuit Clerk
POLICE DEPARTMENT OFFICERS),
THE CITY OF LITTLE ROCK, an Arkansas
Municipal Corporation, and
PULASKI COUNTY, ARKANSAS,
A Political Subdivision                                        DEFENDANTS

## COMPLAINT

Comes now, Willie Carpenter, Special Administratrix of the Estate of Willie Earl Leggs, Jr.,

and for her Complaint, states:

### INTRODUCTION

This case is brought by the Special Administrator of the Estate of Willie Earl Leggs, Jr.,

deceased, and involves allegations of wrongful death and violations of the civil rights of Willie Earl

Leggs, Jr., pursuant tot he eighth Amendment, Fourteenth Amendment and 42 U.S.C. §1983

### JURISDICTION AND VENUE

1.      This cause of action is brought pursuant to 42 U.S.C. §1983. Jurisdiction of this

Court is proper under title 42 U.S.C. §1983.

2.      All parties and entities are located in Pulaski County, Arkansas, therefore venue is

~~REC'D AUG 0 6 2007~~   REC'D AUG 1 3 2007

Exhibit 7

proper in this Court.

## PARTIES

3. The deceased, Willie Earl Leggs, Jr. was a citizen and resident of Little Rock, Arkansas at the times in which his constitutional rights were violated.

4. Special Administrator Willie Carpenter, mother of Willie Earl Leggs, Jr., deceased, is a resident of Pulaski County, Arkansas, and is the court appointed special administrator of the Estate of Willie Earl Leggs, Jr., deceased.

5. The unknown officers of the City of Little Rock, John Does 5-8, are the employees or agents of the City of Little Rock, which is responsible for the policies, procedures, and practices implemented through its various employees and agents.

6. The unknown deputy sheriffs of Pulaski County, John Does 1-4, are the employees or agents of Pulaski County, which is responsible for the policies, procedures, and practices implemented through its various employees and agents.

7. Defendant City of Little Rock is an Arkansas municipal corporation, and is responsible for the policies, procedures, and practices implemented through their various agencies and agents for injury caused thereby.

8. Defendant Pulaski County is an Arkansas political entity responsible for the policies, procedures, and practices implemented through their various agencies and agents.

## FACTS

9. Willie Earl Leggs, Jr. was arrested at approximately 3:00 a.m. on August 6, 2005 and was taken to the Pulaski County North Intake Facility where he passed away within hours of arriving at the facility.

10. Willie Carpenter, mother of Willie Earl Leggs, Jr., is the court-appointed Special Administratrix of the Estate of Willie Earl Leggs, Jr., appointed on September 6, 2005.

11. As Special Administratrix of the Estate of Willie Earl Leggs, Jr., Willie Carpenter brings this Complaint against the City of Little Rock and Pulaski County.

12. In the early morning of August 6, 2005, at approximately 3:00 a.m., a car driven by Andrea Hull, cousin of Willie Earl Leggs, Jr. was stopped by the Little Rock Police Department. Willie Earl Leggs, Jr. was a passenger in Andrea Hull's vehicle. At the time of the stop, the Little Rock Police Department observed, and stated in their report, that they saw Willie Earl Leggs, Jr. swallow something as the Little Rock police approached the vehicle.

13. The Little Rock Police officers arrested Andrea Hull for DUI and then arrested Willie Earl Leggs, Jr. as a felon in possession of a firearm.

14. Willie Earl Leggs, Jr. was taken to the Pulaski County North Intake Facility for processing in as a prisoner in the Pulaski County Jail under the supervision of the Little Rock Police Department. Mr. Leggs was not taken to the Pulaski County Jail.

15. At no time was Willie Earl Leggs, Jr. taken to UAMS, as is the normal procedure for the Little Rock Police Department when they see a person swallow something preceding an arrest.

16. Willie Earl Leggs, Jr. was placed in a pod, or cell, after intake at the Pulaski County Intake North Facility with two other prisoners.

17. In the early morning hours of August 6, 2005 Willie Earl Leggs, Jr. began experiencing severe physical problems and began speaking in an unusual manner. Willie Leggs then regurgitated part of a plastic bag.

18. During the time that Willie Leggs was exhibiting unusual behavior and becoming ill,

one of the prisoners in the same pod or cell, Antonio Smith, attempted to get the attention of Deputy Atkins, an employee of Pulaski County who was working at the Pulaski County North Intake Facility on the morning of August 6, 2005.

19. Deputy Atkins showed deliberate indifference and willful and wanton disregard the life of Willie Leggs by ignoring the prisoners' attempts to get help for Willie Leggs, thereby showing willful disregard for the life of Willie Earl Leggs, Jr.

20. Willie Earl Leggs, Jr. began suffering a seizure and the prisoners continued to try to get the attention of officers on duty but continued to be ignored.

21. That at approximately 11:41 a.m. an officer finally came to the cell, and emergency medical services were contacted. When a MEMS ambulance arrived at the Pulaski County Jail, Willie Earl Leggs, Jr. was badly injured from banging his head on the concrete floor of the pod during a seizure.

22. Willie Earl Leggs, Jr. was pronounced dead on arrival at Memorial Hospital in North Little Rock at approximately 1:00 p.m. on August 6, 2005.

23. At the time that Willie Earl Leggs, Jr. was incarcerated at the Pulaski County North Intake Facility, a Little Rock Police Department policy required a Little Rock officer to be on duty at the facility to assist and provide oversight for the prisoners brought in by the Little Rock Police Department.

24. There was no Little Rock officer on duty or present in the North Intake Facility when Willie Earl Leggs, Jr. was brought into the facility in the early morning hours of August 6, 2005 or thereafter when Mr. Leggs was in need of assistance.

25. The only officer on duty at the North Intake Facility was a Pulaski County deputy.

26. The City of Little Rock, the City of North Little Rock, the individual officers and deputies, and Pulaski County violated the constitutional rights of Willie Earl Leggs, Jr. while he was incarcerated at the Pulaski County North Intake Facility and the Estate of Willie Earl Leggs, Jr. is entitled to consequential and punitive damages from Defendants in an amount to be determined by the trier of fact.

27. The Pulaski County North Intake Facility was classified as a "holding facility".

28. The Pulaski County North Intake Facility is a jail subject to Constitutional provisions governing jails in Arkansas that include on-site medical care for prisoners.

29. Defendants are subject to the Constitutional provisions that govern jail facilities in Arkansas and are in direct violations of said provisions by not providing on-site medical care at the Pulaski County North Intake Facility at the time that Willie Earl Leggs, Jr. was a prisoner at the facility on August 6, 2005.

30. By not following Constitutional provisions that govern jail facilities in the State of Arkansas, the acts of the Defendants were a proximate cause of the death of Willie Earl Leggs, Jr. on August 6, 2005.

### FIRST CAUSE OF ACTION
### Violation of Civil Rights Pursuant to 42 U.S.C. §1983 - All Defendants

31. The acts or omissions by all Defendants, as more specifically described above, were unreasonable and performed knowingly, deliberately, indifferently, intentionally, maliciously, and with gross negligence, callousness, and deliberate indifference to Plaintiff's Decedent's well-being and serious medical needs.

32. That the Defendants adopted, promulgated, encouraged, condoned, and/or tolerated

official customs, policies, practices, and/or procedures, including failing to train and/or supervise its employees/agents, were the motivating force for the individuals Defendant's conduct as described herein, such that same also amounted to a deliberate indifference to Plaintiff's Decedent's well-being and serious medical needs.

33. The conduct of all of the Defendants, individually, and as agents of said municipal and/or political Defendants, deprived Plaintiff's Decedent of his clearly established rights, privileges, and immunities guaranteed him under the United States Constitution, specifically those set forth under the 4th, 5th 8th and 14th Amendments, as evidenced by the following particulars:

    a. Failing to properly watch, monitor, check or observe Plaintiff's Decedent to ensure his safety, especially knowing the circumstances of his arrest;

    b. Failing to arrange for timely and appropriate medical treatment;

    c. Failing to heed and respond to Plaintiff's Decedent's and the cell mate's pleas for help and medical care and treatment;

    d. Failing to properly train and supervise the individuals within the Pulaski North Intake Facility having custodial and/or care giving responsibilities over Plaintiff's Decedent to ensure Plaintiff's Decedent's serious medical needs were timely and properly tended to, including training/supervision in the following particulars:

        (1) how to supervise and monitor an inmate determined to be at risk of serious injury or death;

        (2) what treatment and care to give to an inmate who has a serious medical need, including death or injury from the ingestion of drugs;

    e. Failing to discipline, instruct, supervise, and/or control officers' conduct known to

6

deprive the constitutional rights of individuals, and thereby encouraging such unconstitutional behavior.

f. Failing to provide appropriate medical attention to Plaintiff's Decedent when it was obvious he was in dire and serious need for medical treatment.

34. As a result of the unlawful, malicious, reckless, and indifferent acts or omissions, Defendants individually and jointly acting under color of law, but contrary to law, deprived Plaintiff of his rights, privileges, or immunities under the Federal Constitution Plaintiff's Decedent's right to be free from an unreasonable seizure of his person and right to not be deprived of his life and right to be provided the protection of the state for medical and other relief as guaranteed by Amendment IV, VIII and XIV of the United States Constitution.

35. Defendants acted in derogation of the Constitutional rights of the Plaintiff's Decedent, and by their deliberate indifference, willful and wanton neglect and deliberate abandon to the rights of Plaintiff's Decedent. The Defendants knew or should have known that procedures and policies, customs and practices of the Defendants which are enumerated as follows were wholly defective:

a. To inadequately screen for medical purposes all incoming detainees in order to determine physical condition or special medical needs.

b. In fostering a custom, outside of the written policy, to fail to provide transport or other medical help to detainees known to be at risk of serious illness or death.

c. In having a policy or practice of not monitoring or of inadequately monitoring detainees known to be at risk for serious illness or death and thereby allowing unnecessary suffering and death to occur.

d. In failing to properly train the employees of defendants in the adequate monitoring of serious illness or risk of death while detainees are in custody.

36. That these policies, customs or practices were carried out with deliberate indifference, willful and wanton disregard and with the spirit of gross negligence and was the direct and deliberate cause of the constitutional deprivations of the Plaintiff's Decedent of liberty, due process, right to life and right to a fair and just treatment in the investigation of a claim of misconduct and police abuse. In fact, no adequate investigation of Plaintiff's Decedent's death took place and no employee or officer was sanctioned or scrutinized for misconduct and doing so was the custom of the department which amounts to ratification to and acquiescence in the wrong by these Defendants.

**COUNT II - Violation of Arkansas Wrongful Death Statues**

37. Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

38. The Defendants are liable for the wrongful death of Willie Earl Leggs, Jr. pursuant to Arkansas' Wrongful Death Statues for the following acts;

    a. Negligent failure to monitor the medical condition of Willie Earl Leggs, Jr.;

    b. Negligent failure to provide medical care in a timely manner;

    c. Negligent failure to train, monitor and supervise employees and agents to properly discharge their duties to provide medical care in a timely manner and to properly monitor the medical condition of Willie Earl Leggs, Jr.

39. The negligent acts of Defendants are the proximate cause of the death of Willie Earl Leggs, Jr.

40. Plaintiff's Decedent claims damages for conscious pain and suffering set forth above under 42 U.S.C. § 1983 and the State Constitution against all defendant officers for violation of his

constitutional rights under color of law.

WHEREFORE, Plaintiff respectively prays as follows:

A. This Honorable Court award damages for wrongful death and for violations of federal and constitutional law as alleged herein in excess of federal minimum jurisdictional limits;

B. An award of punitive and/or exemplary damages;

C. Actual costs, interest and attorneys fees;

D. Such other and further relief as is consistent with law.

WHEREFORE, Plaintiff, Willie Carpenter, Special Administratrix of the Estate of Willie Earl Leggs, Jr. prays that this Court find that the Defendants have violated the constitutional rights of Willie Earl Leggs, Jr.; are liable for the wrongful death of Willie Earl Leggs, Jr., for consequential and punitive damages; for attorneys fees and costs; and for all other relief to which they are entitled.

Respectfully submitted,

Owings Law Firm
1320 Brookwood Drive
Suite D
Little Rock, AR 72202
(501) 661-9999

By: _____
Tammy B. Gattis, 89178